**El Pueblo de Puerto Rico**, demandante y apelado, *v.* **Rafael Carrero Cueto**, acusado y apelante.

No. 5116.—*Sometido:* Mayo 10, 1933. *Resuelto:* Mayo 12, 1933.

*H. Miranda Negrón*, abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

**El Juez Asociado Señor Wolf**, emitió la opinión del tribunal.

Rafael Carrero Cueto fué acusado ante la Corte de Distrito de Aguadilla de haber portado un arma ilegalmente. Originalmente el caso debió ser visto en Aguadilla después de celebrado un juicio por asesinato, pero a moción del acusado, a la cual se allanó el fiscal, el caso fué trasladado a Arecibo. El jurado no llegó a un acuerdo en el caso de asesinato y entonces se hizo el traslado.

Algunos de estos hechos aparecen solamente en los alegatos de las partes. Los autos no revelan cuanto ocurrió en la Corte de Distrito de Aguadilla.

Sin embargo, al ser llamado el caso para juicio en la Corte de Distrito de Arecibo, el acusado solicitó el sobre-

seimiento de la acusación por haber transcurrido más de ciento veinte días desde el archivo de la misma. La corte declaró sin lugar la moción.

■ ■ En apelación, el acusado sostiene primero, que el término de ciento veinte días debía contarse desde la fecha en que el caso fué radicado en Aguadilla, o sea, el 23 de abril de 1932. Estuvo pendiente allí hasta que fué trasladado el 2 de julio. El traslado se hizo a instancia del acusado y convenimos con el fiscal en que el primero estaría impedido de suscitar cualquier cuestión relativa a la fecha en que se inició el proceso a no ser a partir de la radicación en la Corte de Distrito de Arecibo. Esta contención está sostenida por la fraseología del artículo 176 del Código de Enjuiciamiento Criminal, que lee así:

"El tribunal a que se traslada la causa deberá proceder a la sustanciación y sentencia de la misma como si se hubiere iniciado en dicho tribunal. Si fuere necesario traer a la vista las alegaciones originales u otros documentos ante dicho tribunal, deberá el tribunal de donde procede la causa, a petición del fiscal o del acusado, disponer en cualquier tiempo la trasmisión de los mismos por el secretario, reteniendo las respectivas copias certificadas."

Este artículo presupone que el período se contará a partir de la radicación del caso en Arecibo.

Igualmente creemos que el artículo 448 mismo provee una excepción, ya que al obtener el traslado, el caso fué pospuesto a instancia del acusado, que es una de las excepciones mencionadas en el estatuto.

El apelante también sostiene que su caso no fué oído dentro de los ciento veinte días de la radicación del mismo en Arecibo. Conforme hemos visto, el caso fué radicado en Arecibo el 2 de julio y señalado para el 31 de octubre de 1932, dentro de los ciento veinte días. Entonces por alguna causa que los autos no revelan plenamente, la Corte de Distrito de Arecibo halló que necesitaba la acusación original y procedió a ordenar que ésta le fuera enviada de conformidad con el artículo 176 del Código de Enjuiciamiento Criminal, *supra*.

Por tanto, convenimos con el fiscal en que cuando el caso fué pospuesto el 31 de octubre para una fecha posterior, ello no se hizo sin causa alguna. Igualmente convenimos en que la presunción, al no demostrarse lo contrario, fué que la corte, bajo las circunstancias expuestas, tenía justa causa para posponer el juicio.

*Debe confirmarse la sentencia apelada.*